# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:16-cv-571-RJC
## (3:11-cr-337-RJC-11)

| | | |
|---|---|---|
| **MARVIN RAY WILBURN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Pro se Petitioner Marvin Ray Wilburn worked as a broker for automobiles and as a real estate agent. (Crim. Case No. 3:11cr337-RJC-11, Doc. No. 413 at ¶ 62: PSR). From 2004 to 2013, he engaged in a conspiracy to launder the proceeds from marijuana trafficking. (Id. at ¶ 5). Petitioner used his bank accounts to launder drug proceeds, and he also accepted cash payments from marijuana traffickers as payment for leases of luxury vehicles, despite knowing that the funds were derived from drug-trafficking. (Id. at ¶ 6). He was known to possess firearms, including a revolver and a pistol. (Id. at ¶ 8).

In 2013, Petitioner was indicted for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (Count One); conspiracy to commit money laundering by conducting or attempting to conduct "a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified

1

unlawful activity, that is, the manufacture, importation, sale, or distribution of a controlled substance, with the intent to promote the carrying on" of this activity and while knowing that the property involved the proceeds of unlawful activity, in violation of 18 U.S.C. § 1956(h) (Count Two); and possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). (Id., Doc. No. 288: Third Superseding Indictment). The indictment also contained a notice of forfeiture. (Id. at 4).

Petitioner agreed to plead guilty to the money laundering charge in Count Two, admitting that he conspired to launder proceeds from marijuana trafficking, in exchange for the dismissal of the remaining charges. (Id., Doc. No. 325 at ¶¶ 1-2: Plea Agrmt.). As part of the plea agreement, the parties recommended that the Court find that the amount of drug proceeds that was known or reasonably foreseeable to Petitioner was the marijuana equivalent of between 100 and 400 kilograms; that Petitioner's plea was timely entered for purposes of acceptance of responsibility; and that the Government would not oppose a sentence at the bottom of the guidelines range. (Id. at ¶ 7). Petitioner also agreed to forfeit all of the assets listed in the First Superseding Bill of Indictment or seized in a related investigation. (Id. at ¶ 9). Finally, Petitioner waived the right to challenge his conviction or sentence on appeal, or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at ¶¶ 18-19).

At the plea hearing, the magistrate judge reviewed the money laundering charge with Petitioner, who testified that he understood the charge and that he was guilty of it. (Id., Doc. No. 485 at 4-6, 9: Plea Tr.). The Government stated that Petitioner agreed that there was a factual basis for his plea, but that the factual basis would be deferred until sentencing. (Id. at 11). The Government also noted that the plea agreement included a forfeiture provision and that there

2

were no other agreements or understandings between the parties, other than those embodied in the plea agreement. (Id. at 11-13). Petitioner testified that he had reviewed the plea agreement with his attorney, that he understood the terms of the agreement, and that he agreed to those terms. (Id. at 13). He stated that no one had threatened, intimidated, or forced him to plead guilty; that he had had a sufficient opportunity to discuss possible defenses with his attorney; and that he was satisfied with his attorney's services. (Id. at 14). The magistrate judge confirmed that Petitioner understood that he was waiving the right to challenge his conviction or sentence on appeal or in any post-conviction proceeding. (Id. at 13-14). The magistrate judge found that Petitioner's plea was made knowingly and voluntarily. (Id. at 17-18).

In preparation for sentencing, a probation officer prepared a presentence report, recommending a finding that Petitioner's base offense level was 28. (Id., Doc. No. 413 at ¶ 14). This calculation was based on the amount of marijuana involved in the drug offense underlying the money laundering count, as well as a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. (Id.). Applying a two-level increase under U.S.S.G. § 2S1.1(b)(2)(B) (for convictions under Section 1956), and a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 27. (Id. at ¶¶ 15; 21-23). Petitioner had 14 criminal history points, including one point for a misdemeanor battery conviction, which placed him in criminal history category VI. (Id. at ¶¶ 31; 36). His advisory guidelines range was 130-162 months of imprisonment. (Id. at ¶ 68).

A factual basis was filed before sentencing. (Id., Doc. No. 378). Petitioner's counsel signed the factual basis, confirming that he had read and discussed it, the indictment, and the plea agreement, with Petitioner and was satisfied that Petitioner understood these documents. (Id. at 2). At sentencing, Petitioner stated that he had read the PSR, reviewed it with his

3

attorney, and understood it. (Id., Doc. No. 486 at 3: Sent. Tr.). This Court overruled defense counsel's motion for a downward variance, citing Petitioner's very serious criminal history and his long-term involvement in the present offense, and sentenced Petitioner to 130 months of imprisonment. (Id. at 14-15).

The Fourth Circuit affirmed Petitioner's conviction and sentence on appeal, rejecting counsel's assertion that the district court had not adequately considered the injuries Petitioner sustained in a prior robbery offense, as well as Petitioner's pro se arguments that the factual basis was insufficient to support his conviction and was invalid because he did not sign it. United States v. Wilburn, 596 F. App'x 241, 242 (4th Cir. 2015), cert. denied, 136 S. Ct. 263 (2015). Petitioner timely filed the present motion to vacate on July 26, 2016, raising numerous claims of ineffective assistance of counsel, as well as a challenge to the calculation of his criminal history. The Government filed its Response on September 29, 2016, and, after receiving two extensions of time, Petitioner filed his Reply on November 30, 2016. (Doc. Nos. 4; 9).

**II.     STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

**A. Petitioner's Claims of Ineffective Assistance of Trial Counsel**.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . .

. any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Petitioner raises the following grounds of ineffective assistance of counsel: (1) failure to challenge the sufficiency of the indictment; (2) negotiating a plea agreement containing a forfeiture clause; (3) counseling Petitioner to accept a plea that allowed the Government to defer the factual basis until sentencing; and (4) failing to challenge the sentence enhancement for possessing a firearm. Petitioner also asserts, in his supporting affidavit, various additional instances of alleged ineffective assistance of counsel occurring before he entered his guilty plea. See (Doc. No. 1 at 14-25). In Petitioner's affidavit in support of his motion, he argues that he would not have pleaded guilty but for counsel's advice to do so. (Id. at 14). Petitioner asserts that he wanted to go to trial and that he told his attorney that Petitioner's financial records would show that he had not structured any financial transactions. (Id.). He contends that he would not have pleaded guilty had he read the plea agreement and that he would not have agreed to forfeit money, but that he did not "bother" to read the plea agreement because he trusted his attorney. (Id.). He admits that his attorney pointed him to the important parts of the plea agreement, but he contends that counsel did not investigate the case or explain the law, told Petitioner that he could not win if he went to trial, and advised him to accept the plea. (Id.).

Generally, "[w]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992). As the Government notes, Petitioner has arguably waived

6

his first three claims of ineffective assistance by pleading guilty, since these three claims are based on pre-plea conduct. However, although Petitioner does not specifically state that his plea was involuntary, given the contention in his affidavit that he would not have pleaded guilty absent counsel's advice to do so, the Court will address the merits of his contentions.

i. Petitioner's contention that counsel was ineffective for failing to challenge the sufficiency of the indictment.

Petitioner first argues that counsel provided ineffective assistance by not challenging the indictment. He contends that the indictment does not set forth the essential facts of the offense and does not provide sufficient notice of what separate drug offense under 21 U.S.C. § 841(a)(1) he is alleged to have committed because it lists the specified unlawful activity in the disjunctive as "the manufacture, importation, sale, or distribution of a controlled substance." (Doc. No. 1 at 15-18).

An indictment must provide a defendant with sufficient notice of the charge against him so he can defend against it and plead acquittal or conviction if any subsequent attempt is made to prosecute him for the same offense. United States v. Smith, 44 F.3d 1259, 1263-64 (4th Cir. 1995). It is generally sufficient if an indictment follows the words in the statute. Id. at 1264. The elements of money laundering are: (1) conducting a financial transaction affecting interstate commerce; where (2) the financial transaction involves proceeds from a specified unlawful activity; (3) the defendant knew the proceeds came from this activity; and (4) the defendant intended to promote the unlawful activity by engaging in the transaction. United States v. France, 164 F.3d 203, 208 (4th Cir. 1998). A money-laundering indictment need not list the elements of the underlying specified unlawful activity; rather, it is sufficient if the indictment alleges that "the money laundering transactions involved funds derived from a specified unlawful

7

activity." United States v. Cherry, 330 F.3d 658, 667-68 (4th Cir. 2003); Smith, 44 F.3d at 1265 (holding "details about the nature of the unlawful activity underlying the character of the proceeds need not be alleged").

Here, Count Two of the indictment charged Petitioner with conspiracy to commit money laundering by conducting or attempting to conduct "a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, the manufacture, importation, sale, or distribution of a controlled substance, with the intent to promote the carrying on" of this activity and while knowing that the property involved the proceeds of unlawful activity. (Crim. Case No. 3:11cr337-RJC-11, Doc. No. 288 at 2). This was sufficient to allege the elements of money laundering, as well as to identify the underlying specified activity. See Cherry, 330 F.3d at 667-68; Smith, 44 F.3d at 1265. As the Government notes, Petitioner seems to misapprehend the fact that he need not have engaged in the specified unlawful activity—drug trafficking, so he did not have to defend against a drug-trafficking charge, rather his offense involved laundering the proceeds from drug trafficking. Furthermore, there is no merit to Petitioner's contention in his Reply that the indictment charging him with conspiracy to money launder was required to specify either that Petitioner was being charged with "promotion money laundering" or "concealment money laundering"—that is, whether he intended to promote money laundering or that he knew the financial transactions were designed to conceal the nature of the proceeds. See (Doc. No. 9 at 1-2). In sum, because the indictment provided sufficient notice of the elements of the crime and the specified unlawful activity, Petitioner has not shown that counsel's performance was deficient. See Strickland, 466 U.S. at 687-88.

Because the indictment was sufficient, Petitioner also cannot show prejudice. Petitioner contends that he can show prejudice because he did not know what crime he was supposed to defend against and he would not have agreed to plead guilty to conspiracy to launder money. (Doc. No. 1 at 18). Petitioner's contentions are belied by the representations he made under oath during the plea hearing that he understood the charges and had discussed them and any potential defenses with his attorney. (Id., Doc. No. 485 at 4-6, 9). Moreover, Petitioner also cannot show prejudice because he has not shown that the Government could not have obtained a superseding indictment to remedy any deficiencies had counsel challenged the indictment. Because counsel's performance was not deficient and Petitioner has not shown prejudice, this claim is denied. See Strickland, 466 U.S. at 687-88, 694.

ii. Petitioner's contention that counsel was ineffective in negotiating a plea agreement containing a forfeiture clause.

Petitioner next contends that counsel was ineffective in negotiating a plea agreement containing a forfeiture clause. A challenge to the forfeiture of assets is generally not cognizable under Section 2255 because it does not challenge the validity of the defendant's conviction or sentence. See United States v. Finze, 428 F. App'x 672, 677 (9th Cir. 2011). However, because Petitioner seeks a new trial based on counsel's alleged ineffective assistance in negotiating a plea agreement with a forfeiture clause, he arguably is challenging his confinement. See United States v. Berry, 118 F. App'x 744, n.2 (4th Cir. 2005) (suggesting that a defendant may raise an ineffective assistance claim based on counsel's failure to object to a forfeiture order).

Nonetheless, Petitioner has not shown deficient performance or prejudice. The forfeiture clause is a standard provision in this district's plea agreements. Petitioner has made no showing that counsel could have negotiated a plea agreement without this standard provision. Thus,

9

counsel's actions did not fall below the prevailing professional norms. Additionally, Petitioner cannot show prejudice because he has not shown that it would have been objectively reasonable to proceed to trial, or, even if he had, that the result of the proceeding would have been different. See Fugit, 703 F.3d at 260. His contention that he had acquired the money in his bank account through legitimate means is conclusory and unsupported. (Doc. No. 1 at 18-20); see United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss Section 2255 claims based on vague and conclusory allegations), cert. denied, 135 S. Ct. 47 (2014). Accordingly, this claim is denied.

    iii. Petitioner's contention that counsel was ineffective for deferring the factual basis until sentencing.

Petitioner next asserts that counsel was ineffective because he advised Petitioner to accept a guilty plea while deferring the factual basis until sentencing. (Doc. No. 1 at 20-22). Petitioner contends that he had not read the factual basis at the time of his plea and that he would not sign the factual basis when he read it because he did not agree with it. (Id. at 21-22). He argues that, other than the factual basis, there was no evidence to support his involvement in the crimes charged. (Id. at 21).

The factual basis does not need to be set out when a defendant pleads guilty; rather, a sufficient factual basis must be established when judgment is entered at sentencing. See FED. R. CRIM. P. 11(b)(3) (the court must determine that there is a factual basis for the plea before entering judgment); United States v. Dixon, 105 F. App'x 450, 451 (4th Cir. 2004). Accordingly, any attempt by counsel to challenge the factual basis at the plea hearing would be premature, and counsel's failure to make such a challenge does not constitute ineffective

10

assistance. Dixon, 105 F. App'x at 452. Therefore, Petitioner has not shown deficient performance by counsel for deferring the factual basis until sentencing.

Nor has Petitioner made a showing of prejudice, as he would not have received the benefits of his plea agreement without admitting to his guilty of the charged offense, and his assertion that there was no evidence to support his involvement in the crimes charged is conclusory.[1] See Dyess, 730 F.3d at 359-60. Because he has not shown deficient performance or prejudice, this claim is denied. See Strickland, 466 U.S. at 687-88, 694.

iv. Petitioner's contention that counsel provided ineffective assistance at sentencing.

Petitioner next contends that his sentence was improperly enhanced for possession of a firearm based on a firearm found in his car while he was at his mother's home in California and that this possession had nothing to do with his offense conduct. (Doc. No. 1 at 23-25). He contends that the evidence was insufficient to support the enhancement because there was no testimony at the sentencing hearing to support the statement in the PSR that a co-defendant saw him with two firearms. (Id. at 24). He argues that he was prejudiced because he otherwise would have been sentenced at a lower offense level.

To establish prejudice at sentencing, a petitioner must show that, but for his counsel's deficient performance, there is a reasonable probability that his sentence would have been more lenient. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999). Under Section 2D1.1(b)(1) of

---

[1] Petitioner contends in his Reply that, rather than arguing about the factual basis being presented at sentencing, he is "complaining about counsel being ineffective in the negotiation of the plea agreement which did not contain any factual basis for the committing of the alleged crime." (Doc. No. 9 at 8). Petitioner further contends that the "negotiation of the plea worked to movant's substantial disadvantage." (Id.). To the contrary, the plea agreement worked very strongly in Petitioner's favor, as the Court discusses, infra. Furthermore, Petitioner challenged the validity of the factual basis in a pro se supplemental brief on direct appeal, and the Fourth Circuit rejected his challenge. See United States v. Wilburn, 596 Fed. App'x 241 (4th Cir. 2015).

11

the United States Sentencing Guidelines, a two-offense-level increase applies if a defendant involved in a drug-trafficking offense possesses a dangerous weapon, including a firearm. This enhancement applied to Petitioner under U.S.S.G. § 2S1.1, which provides that the base offense level for a money laundering offense is the offense level for the underlying offense from which the laundered funds are derived. See (Crim. Case No. 3:11cr337-RJC-11, Doc. No. 413 at ¶ 14). The enhancement for possession of a weapon reflects the Sentencing Commission's recognition of the "increased danger of violence inherent when drug traffickers possess weapons." See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (quoting U.S.S.G. § 2D1.1 cmt. n.11(A)) (formerly Application Note 3 (1995)). "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n.11(A) (emphasis added). Once the Government shows possession, the burden shifts to the defendant to show that it is clearly improbable that the firearm was connected to the conspiracy. See United States v. Manigan, 592 F.3d 621, 630 n.8 (4th Cir. 2010); Harris, 128 F.3d at 853.

Here, the evidence was sufficient to show possession. Petitioner admits he had a firearm in his car during the period of the conspiracy. (Doc. No. 1 at 23). Moreover, the PSR shows that he was convicted of being a felon/addict in possession of a firearm during the conspiracy. (Crim. Case No. 3:11cr337-RJC-11, Doc. No. 413 at ¶ 33). Additionally, a co-defendant stated that he had seen Petitioner with two firearms. (Id. at ¶ 8). Where a defendant is convicted of conspiracy, possession of the weapon during the conspiracy or relevant conduct is sufficient to apply the enhancement. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992); United States v. Wetwattana, 94 F.3d 280, 283 (7th Cir. 1996) (holding the government "is not required to demonstrate a connection between the weapon and the offense," but only that the weapon was

possessed during the offense); United States v. Falesbork, 5 F.3d 715, 721 (4th Cir. 1993) (holding that courts should consider relevant conduct when determining whether to apply the enhancement). Although Petitioner contends that any possession was not related to his offense, this conclusory assertion does not show that it was clearly improbable that his possession of a firearm was connected to his offense. See Dyess, 730 F.3d at 359-60; Harris, 128 F.3d at 853. This Court was free to rely on the information in the PSR to apply the enhancement. See United States v. Bowman, 926 F.2d 380, 381 (4th Cir. 1991) (a sentencing court may consider any reliable source of information, including uncorroborated hearsay). Because the evidence of possession offered was sufficient to apply the enhancement, Petitioner has not shown that counsel's failure to object to the enhancement constituted deficient performance. Petitioner also has not met his burden to show prejudice, because he has not made a showing that the enhancement was improperly applied. Accordingly, his claim of ineffective assistance is denied because he has not shown deficient performance or prejudice. See Strickland, 466 U.S. at 687-88, 694.

v. Petitioner's allegations of pre-plea ineffective assistance as set forth in his affidavit.

Petitioner asserts additional allegations of pre-plea ineffective assistance in his supporting affidavit, including his contentions that he wanted to proceed to trial, that he did not structure any financial transactions, that he did not read the plea agreement, and that counsel advised him to plead guilty without investigating or explaining the case to him. (Doc. No. 1 at 14). All of these contentions are belied by Petitioner's sworn testimony at the plea hearing. See (Crim. Case No. 3:11cr337-RJC-11, Doc. No. 485 at 4-6, 9, 13-14). Furthermore, he cannot show prejudice because he cannot show that it would have been objectively reasonable to proceed to trial on the charges. See Fugit, 703 F.3d at 260. The plea agreement conferred significant benefits on

13

Petitioner, including the dismissal of two other charges, including a Section 924(c) offense that would have carried a mandatory minimum consecutive term of at least five years of imprisonment; a three-level reduction in his offense level for acceptance of responsibility; a reduction in the amount of marijuana for which he was responsible from 1,000 kilograms to between 100 and 400 kilograms; as well as an agreement from the Government not to oppose a sentence at the bottom of the guidelines range. See (Id., Doc. No. 325 at ¶¶ 2, 7). Given these benefits, Petitioner has not shown that it would have been objectively reasonable for him to proceed to trial. See United States v. Santiago, 632 F. App'x 769, 773-74 (4th Cir. 2015) (determining defendant was not prejudiced by pleading guilty where this resulted in his receiving a shorter term of imprisonment). Accordingly, this claim is denied.

### B. Petitioner's Challenge to his Criminal History Score.

Petitioner next argues that he was incorrectly assessed one criminal history point for a misdemeanor battery offense that he did not commit. (Doc. No. 1 at 22). This claim is barred by the post-conviction waiver provision in Petitioner's plea agreement. (Crim. Case No. 3:11cr337-RJC-11, Doc. No. 325 at ¶¶ 18-19). The record shows that Petitioner knowingly and voluntarily agreed to this waiver, and he does not challenge its validity in his Section 2255 motion. (Id., Doc. No. 485 at 13-14). Accordingly, this claim is dismissed as waived by Petitioner's plea agreement. See Lemaster, 403 F.3d at 220.

Even if Petitioner could raise this issue on collateral review, it would be procedurally barred because Petitioner did not appeal this issue. A Section 2255 motion is not a substitute for a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Claims of error that could have been raised on direct appeal, but were not, are procedurally barred unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually

14

innocent of the offense.  See Bousley v. United States, 523 U.S. 614, 621-22 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008).  Petitioner has not alleged cause or prejudice for his failure to raise this issue on appeal, nor has he shown that he is factually innocent of his money-laundering offense.  Therefore, this claim also is procedurally barred.  See Bousley, 523 U.S. at 621-22.

Finally, even if Petitioner could show error, any such error is harmless because a one-level reduction in his criminal history score would leave him with 13 criminal history points, which would still place him in criminal history category VI.  See U.S.S.G. Ch. 5, Pt. A (Sentencing Table).  Accordingly, any error had no impact on his sentence.  Therefore, Petitioner's challenge to his criminal history score is dismissed as procedurally barred and without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473,

15

484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 26, 2017

Robert J. Conrad, Jr.
United States District Judge